IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO.: 2016CA000798AX

KEVIN LEE BURNS,

    Plaintiff,

vs.

UNIVERSAL HEALTH SERVICES;
SUNCOAST BEHAVIORAL HEALTH CENTER;
JOSEPH ALTUCHOLF; CYNTHIA HARDEN;
BRANDY HAMILTON; JUDITH SASNAUSSKAS,
CHERYL PEARSON; DR. VERAB; and J. HINMAN,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S NOTICE OF INTENT TO INITIATE LITIGATION AND/OR MOTION FOR MORE DEFINITE STATEMENT AND/OR MOTION TO STRIKE

Defendants, SUNCOAST BEHAVIORAL HEALTH CENTER, ("SUNCOAST BEHAVIORAL") and JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN (collectively referred to as "DEFENDANTS"), by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.140, move this Court for entry of an Order Dismissing Plaintiff's Notice of Intent to Initiate Litigation and/or Order for More Definite Statement and/or Order Striking Erroneous Allegations from the Intent to Initiate Litigation, and state:

1.     Plaintiff has filed a Notice of Intent to Initiate Litigation ("Notice of Intent") with this Court on February 18, 2016.

2.     Apparently, this Notice of an Intent is meant to serve as a Complaint containing two claims brought under the 1986 Federal Emergency Medical Treatment & Labor Act, 42

U.S.C.A. § 1395dd ("Federal EMTALA").[1] See pages 1 and 2 of Plaintiff's Notice of Intent, attached hereto as **Exhibit "A."**

3. Plaintiff has named JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN in both their professional and individual capacity. Plaintiff is apparently attempting to allege that these individuals violated Federal EMTALA. However, Federal EMTALA does not provide for a cause of action against individuals, and instead, provides for a cause of action against *participating hospitals* under 44 U.S.C.A 13955dd(d). Therefore, Plaintiff has failed to state a proper cause of action against the named individual Defendants and they should be properly dismissed from this lawsuit.

4. Furthermore, JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN were not served with a Complaint and Summons pursuant to Florida Statute §48.031 and Florida Rule of Civil Procedure §1.070. SUNCOAST BEHAVIORAL was also not properly served with a Complaint and Summons pursuant to this Florida Statute §48.081 and Florida Rule of Civil Procedure §1.070. Therefore, DEFENDANTS, seek dismissal of this lawsuit pursuant to Florida Statute §1.140(b) for improper process, insufficient service of process and lack of personal jurisdiction.

---

[1] Plaintiff does not entitle the initial pleading a Complaint, but instead, a Notice of Intent to Initiate Litigation. To the extent Plaintiff is attempting to set forth his pleading as a Complaint, Plaintiff has failed to comply with Fla. R. Civ. P. 1.100, which requires a Complaint to be filed with the proper captioning and numbered paragraphs. Plaintiff has also failed to comply with Fla. R. Civ. P. 1.110(b), General Rules of Pleadings, and has failed to include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief. Thus, Plaintiff's initial pleading should be dismissed for failure to comply with the general rules of pleadings. Dewitt v. Rossi, 559 So. 2d 659 (Fla. 5th DCA1990)( "Trial court may dismiss with prejudice complaint containing multiple and narrative allegations involving multiple sets of circumstances and failing to comply with requirement to make averments in consecutively numbered paragraphs.").

Furthermore, if Plaintiff is bringing forth this pleading as a Notice of Intent under Fla. Stat. §766.106 for medical negligence claims, Defendants move to dismiss this Complaint for failure to comply with the proper presuit requirements under §766.106.

5. Plaintiff has also failed to state a claim for which relief may be granted against SUNCOAST BEHAVIORAL by failing to allege the necessary elements and sufficient ultimate facts that would establish a prima facie Federal EMTALA claim. It is also unclear which subsection of Federal EMTALA Plaintiff is relying on as the basis for this Notice of Intent against the DEFENDANTS. Therefore, Plaintiff's Notice of Intent should be dismissed in compliance with Florida Statute §1.140(b) or in the alternative, Plaintiff should be required to provide a more definite statement pursuant to Florida Statute §1.140(e).

6. Lastly, Plaintiff has included numerous impertinent and erroneous allegations in the Notice of Intent, which have no bearing on the EMTALA claims as alleged and should be stricken from the Notice of Intent pursuant to Florida Statute §1.140(f).

I. **MOTION TO DISMISS COMPLAINT AGAINST INDIVIDUALS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED A**

Plaintiff has filed a "Notice of Intent to Initiate Litigation," which appears to be a Complaint alleging violations of EMTALA against the DEFENDANTS. However, the *individuals* named in the Notice of Intent are not subject to personal liability under Federal EMTALA. Furthermore, Plaintiff fails to allege any ultimate facts or even theories of law in order to impose liability on JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN in any manner whatsoever.

Federal EMTALA states in pertinent part:

"A participating *hospital* that negligently violates a requirement of this section is subject to a civil money penalty of not more than $50,000 (or not more than $25,000 in the case of a hospital with less than 100 beds) for each such violation. The provisions of section 1320a-7a of this title (other than subsections (a) and (b)) shall apply to a civil money penalty under this subparagraph in the same manner as such provisions apply with respect to a penalty or proceeding under section 1320a-7a(a) of this title.

42 U.S.C.A. §1395dd(d)(1)(A)(emphasis added).

3

Furthermore, section (d)(2)(A) also provide civil remedies to a Plaintiff against a *participating hospital* pursuant to personal injury laws of the state. (emphasis added). However, neither of these two sections impose liability on individuals in their professional or personal capacity.

As stated by the Court in <u>Eberhardt v. City of Los Angeles</u>, 62 F.3d 1253, 1256 (9th Cir. 1995) when deciding that physicians cannot be held liable under Federal EMTALA, the court explained:

> "The plain text of the EMTALA explicitly limits a private right of action to the participating hospital. Perhaps the most widely accepted canon of statutory construction instructs us to first determine "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter, for the court ... must give effect to the unambiguously expressed intent of Congress." *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984)."

It is clear based on the plain language of the statute, that EMTALA does not impose direct liability on individuals and JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN should be properly dismissed from this Notice of Intent.

WHEREFORE, DEFENDANTS request that this Court enter an Order Dismissing the Notice of Intent against JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN, and all other relief this Court deems appropriate.

## II. <u>MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND/OR INSUFFICIENT SERVICE OF PROCESS AND/OR LACK OF PERSONAL JURISDICTION</u>

The Notice of Intent in this matter was not served at all on the DEFENDANTS in this matter. SUNCOAST BEHAVIORAL as well as JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN, in both their

4

professional and individual capacity, have not been served with the Complaint or Summons pursuant to Florida Statutes §48.031 and §1.070.

As to the individual employees named in the Notice of Intent, Plaintiff failed to comply with 48.031(1), which states in pertinent part:

> (1)(a) Service of original process **is made by delivering a copy of it to the person to be served** with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her **usual place of abode** with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
>
> (b) An employer, when contacted by an **individual authorized to serve process**, shall allow the authorized individual to serve an employee **in a private area designated by the employer.** An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

§ 48.031 (emphasis added).

The above named Defendants did not receive service of the Complaint and Summons at their "usual place of abode" and a service processor did not serve the individuals, in compliance with §48.031(b). To date, return-of-service has not been filed with this Court pursuant to §48.031(5), which states in pertinent part:

> (5) A person serving process shall place, on the first page of at least one of the processes served, the date and time of service and his or her identification number and initials for all service of process. The person serving process shall list on the return-of-service form all initial pleadings delivered and served along with the process. **The person requesting service or the person authorized to serve the process shall file the return-of-service form with the court.**

§ 48.031(emphasis added).

Plaintiff also failed to comply with Florida Statute §1.070(b), which requires that "service of process may be made by an officer authorized by law to serve process..." and failed to comply with Florida Statute §1.070(i), which allows for service by certified mail along with a specific waiver as delineated in the rules, which was also not done in this case. The burden of

5

proof to sustain the validity of service of process is on the party seeking to invoke the jurisdiction of the court. Henzel v. Noel, 598 So. 2d 220, 221 (Fla. 5th DCA 1992). The statutes governing service of process are to be strictly construed to insure the defendant is given notice of the proceedings. Id. It is proper to dismiss a Complaint for improper or insufficient service of process. Fla. Stat. §1.140(b).

Plaintiff's Notice of Intent against JOSEPH ALTUCHOLF, CYNTHIA HARDEN, BRENDA HAMILTON, JUDITH SASNAUSSKAS and J.HINMAN should therefore be dismissed for insufficient service of process and/or insufficient process.

Furthermore, Plaintiff has failed to serve SUNCOAST BEHAVIORAL pursuant to Florida Statute §48.081, Service on a Corporation. SUNCOAST BEHAVIORAL is the fictitious name for the Corporation, Premier Behavioral Solutions of Florida, Inc. A copy of the Application for Registration of Fictitious name which was obtained from the Website of the Florida Department of State Division of Corporations is attached hereto as **Exhibit "B."** SUNCOAST BEHAVIORAL was never served and never received a copy of the Complaint and Summons in compliance with Florida Statutes §48.081 and §1.070. The burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court. Youngblood v. Citrus Associates of New York Cotton Exch., Inc., 276 So. 2d 505, 509 (Fla. 4th DCA 1973).

Because service was improper in this case, this Court lacks personal jurisdiction over the DEFENDANTS. M.J.W. v. Dep't of Children & Families, 825 So. 2d 1038, 1041 (Fla. 1st DCA 2002).

WHEREFORE, DEFENDANTS move this Court for entry of an Order Dismissing the Complaint for Insufficient Service of Process and/or Insufficient Process and/or Lack of Personal

Jurisdiction, and all other relief this Court deems appropriate.

## III. MOTION TO DISMISS FEDERAL EMTALA CLAIMS

### A. Motion to Dismiss Both EMTALA Claims for Failure to State a Cause of Action/ and or Motion for More Definite Statement

Plaintiff has apparently alleged two EMTALA claims in the Notice of Intent. See pages 4 and 5 of the Notice of Intent. First, it is unclear what subsection of the Federal EMTALA statute Plaintiff is relying on for relief in either claim.

The purpose of pleadings is to present, define and narrow the issues, and to form the foundation of the proof to be submitted at trial. Hart Properties, Inc. v. Slack, 159 So. 2d 236, 239 (Fla. 1963). The complaint must set out the elements and the ultimate facts that support them so that the court and the defendant can clearly determine what is being alleged, and the defendant can properly defend itself. Barrett v. City of Margate, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999). Mere conclusions are insufficient. Clark v. Boeing Co., 395 So. 2d 1226, 1229 (Fla. 3d DCA 1981). Furthermore, it is proper to dismiss a complaint for failure to plead a required element of the cause of action. Id.

In order to state a prima facie claim for violations of EMTALA, Plaintiff must allege under 42 U.S.C. § 1395dd(a) that the hospital failed to provide for an appropriate medical screening examination within the capability of the hospital's *emergency department* when an individual comes to that emergency department and requests examination or treatment. Money v. Banner Health, 3:11-CV-00800-LRH, 2012 WL 2885362, at *2 (D. Nev. 2012)(emphasis added). However, pursuant to 42 U.S.C §1395(b), the Plaintiff must establish that (1) the patient had an emergency medical condition; (2) that hospital actually knew of condition; (3) that the patient was not stabilized before transfer, and (4) that the transferring hospital did not obtain proper consent or follow appropriate certification and transfer procedures before transferring

7

unstable patient. Baber v. Hosp. Corp. of Am., 977 F.2d 872 (4th Cir. 1992). Furthermore, Transfer requirements of Emergency Medical Treatment and Active Labor Act (EMTALA) do not apply unless hospital actually determines that patient suffers from emergency medical condition that would require stabilization before patient could be transferred to another facility. Baber v. Hosp. Corp. of Am., 977 F.2d 872 (4th Cir. 1992).

It is unclear whether Plaintiff is bringing this claim under subsection (a) or subsection (b) of Federal EMTALA, and therefore DEFENDANTS cannot adequately and completely address Plaintiff's allegations. DEFENDANTS request that this Court require Plaintiff to provide a more definite statement in order for DEFENDANTS to be able to provide a defense to Plaintiff's claims. Fla. Stat. §1.140(e)(" If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, that party may move for a more definite statement before interposing a responsive pleading). See also Foerman v. Seaboard Coast Line R. Co., 279 So. 2d 825, 827 (Fla. 1973); Conklin v. Boyd, 189 So. 2d 401, 403 (Fla. 1st DCA 1966).

Furthermore, if Plaintiff is in fact alleging that subsection (a) of Federal EMTALA was violated by SUNCOAST BEHAVIORAL, Plaintiff has failed to allege that SUNCOAST BEHAVIORAL was a participating hospital with an emergency room department capable of treating Plaintiff's alleged emergency condition. As stated by the court in Miller v. Med. Ctr. of S.W. La., 22 F.3d 626 (5th Cir. 1994):

> "Under the terms of the statute, however, these duties are only triggered when an individual *comes to* the emergency department *and a request is made* on the individual's behalf for examination or treatment...." 42 U.S.C. § 1395dd (emphasis added). These two preconditions are conjunctive requiring both that an individual 1) comes to the emergency department and 2) that a request be made. In the instant case, it is the first requirement that is problematic."

Id. at. 628. See also Vickers v. Nash Gen. Hosp. 78 F.3d 139 (4th Cir. 1996).

8

In fact, Plaintiff does not allege that SUNCOAST BEHAVIORAL was a participating hospital under §1395dd(e) and §1335cc. Plaintiff only contends that all "UHS" facilities are "participating hospitals," but fails to allege in the Notice of Intent the relationship between UHS and SUNCOAST BEHAVIORAL that would make SUNCOAST BEHAVIORAL a "UHS facility." See pg. 1 of the Notice of Intent. Plaintiff has failed to properly allege the legal relationship between UHS and SUNCOAST BEHAVIORAL as to support such a contention.

WHEREFORE, DEFENDANTS request that this Court enter an Order Dismissing Complaint for Failure to State a Claim and all other relief this Court deems appropriate.

### B. Motion to Dismiss the "Initial" EMTALA Claim for Failure to State a Claim

If in fact Plaintiff is alleging that SUNCOAST BEHAVIORAL violated subsection (b) of Federal EMTALA, then Plaintiff's "initial" EMTALA claim, starting on page 4 of Plaintiff's Notice of Intent, should be dismissed for failure to state a claim. Plaintiff alleges that he came to SUNCOAST BEHAVIORAL because he was feeling "unstable and suicidal." However, Plaintiff has also attached a copy of the Incident/Investigative Report by the Manatee County Sheriff's Office ("Report"), which this Court may consider in evaluating Plaintiff's claims. See Winter v. Miami Beach Healthcare Group, Ltd., 917 So. 2d 973 (Fla. 3d DCA 2005)("When considering a motion to dismiss, a trial court must look only to the four corners of the complaint including the attachments...").

According to page 2 of the Report, it was determined by the Manatee County Sheriff's Office that Plaintiff was not in fact suffering from a medical emergency and did not meet Baker Act criteria. Mr. Burns further stated that he did not in fact want to hurt himself. If these facts are considered true for purposes of the Motion to Dismiss, Plaintiff clearly had failed to allege that an emergency medical condition existed as required by 1395dd(b). See also Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So. 2d 679, 680 (Fla. 1st DCA 1982)( f "there is an

9

inconsistency between the general allegations of material fact in (a) complaint and the specific facts revealed by (an) exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable.")

WHEREFORE, DEFENDANTS request that this Court enter an Order Dismissing the Initial EMTALA Claim from the Notice of Intent for Failure to State a Claim and all other relief this Court deems appropriate.

V. **MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH GENERAL RULES FOR PLEADINGS AND/OR MOTION TO STRIKE ALLEGATIONS NOT RELATED TO EMTALA CLAIMS**

Starting on page 2 of the Notice of Intent under the title "STATEMENT OF FACTS WITH ATTACHED SUPPORTING DOCUMENTS," and ending on page 4, just prior to the title "START OF EMTALA VIOLATIONS," Plaintiff provides information about his *prior* visits at SUNCOAST BEHAVIORAL that have no bearing of any nature on his two Federal EMTALA claims contained in the Notice of Intent. Furthermore, Plaintiff includes allegations which appear to involve alleged Baker Act violations on page 6 of the Notice of Intent, regarding filing certain documents with the Court, which again, have no bearing on the outcome of the EMTALA Claims.

A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time. Fla. R. Civ. P. 1.140.

WHEREFORE, DEFENDANTS request that this Court enter an Order Striking these Erroneous Allegations from the Notice of Intent and all other relief this Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic mail on March 9, 2016 to: Kevin Lee Burns, Plaintiff, 1940 N US Highway 220, Ellerbe, NC 28379,

Burnskevin458@gmail.com.

                                      THE LAW OFFICE OF JAY COHEN, P.A.
*Counsel for UNIVERSAL HEALTH SERVICES ("UHS"); SUNCOAST BEHAVIORAL HEALTH CENTER; JOSEPH ALTUCHOLF; CYNTHIA HARDEN; BRENDA HAMILTON; JUDITH SASNAUSSKAS; and J.HINMAN*
100 S.E. 3rd Avenue, Suite 1100
Fort Lauderdale, FL 33394
954-449-8700 / Fax: 954-763-6093
pleadings@jaycohenlaw.com

By: _____
      Jeffrey L. Blostein, Fla. Bar No. 0086886
      Elizabeth Schoenthal, Fla. Bar No. 0106672