UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN LEE BURNS,

        Plaintiff,

v.                        CASE NO.: 8:16-cv-702-T-33MAP

UNIVERSAL HEALTH SERVICES;
SUNCOAST BEHAVIORAL HEALTH CENTER;
JOSEPH ALTUCHOLF; CYNTHIA HARDEN;
BRANDY HAMILTON; JUDITH SASNAUSSKAS;
CHERYL PEARSON; DR. VERAB; and J.
HINMAN,

        Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant Universal Health Services' Motion to Dismiss Plaintiff's Notice of Intent and/or Motion for More Definite Statement (Doc. # 3), which was filed in state court on March 9, 2016. Defendants Suncoast Behavioral Health Center, Joseph Altucholf, Cynthia Harden, Brenda Hamilton, Judith Sasnausskas, and J. Hinman likewise filed a Motion to Dismiss and/or Motion for More Definite Statement and/or Motion to Strike (Doc. # 4), in state court on March 9, 2016. For the reasons that follow, the Court grants the Motions, but allows pro se Plaintiff Kevin Burns leave to amend the Complaint on or before **May 12, 2016.**

## I.    **Factual Background**

Mr. Burns explains that he is "100% disabled due to schizophrenia and . . . has less than a high school education." (Doc. # 2 at 1).  Mr. Burns states that he was discharged from Suncoast Behavioral Health Center on August 13, 2015, "after previously being Baker Acted there" and was once again discharged from Suncoast on August 21, 2015, "for another Baker Act." (Id. at 2).  On August 30, 2015, "Mr. Burns was Baker Acted for a third time that month" at Suncoast. (Id.).  Mr. Burns indicates that "he was suicidal and homicidal with a plan to kill[] people." (Id.).

According to Mr. Burns, on September 12, 2015, he returned to Suncoast "in order to be Baker Acted again because he was feeling very unstable and suicidal from not having any medication." (Id. at 5-6).  However, "[t]he CEO for [Suncoast] Brandy Hamilton and the Director Cynthia Harden refused Mr. Burns entry into the facility locked the doors and called 911." (Id. at 6).  Thereafter, Mr. Burns walked to a Walmart store, "paid for a package of razor blades and before the cashier at Walmart could give him his change back, Mr. Burns had opened the razors and cut both of his wrists." (Id.).

On another occasion, on October 17, 2015, "Mr. Burns called 911 because he was feeling suicidal," but when Manatee

2

County Sheriff's Officers took him to Suncoast, "facility administrator Joseph Altucholf informed police that the[] facility was not going to allow access to Mr. Burns for a second time." (Id. at 7).

## II.  **Procedural History**

On February 18, 2016, Mr. Burns filed a "Notice of Intent to Initiate Litigation" against the above captioned Defendants in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. (Doc. # 2).  In his Notice of Intent, which Defendants and the Court construe as a Complaint, Mr. Burns contends that Defendants violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA) and that Mr. Burns is entitled to $1.5 million in damages.  Because Mr. Burns is proceeding pro se, the Court liberally construes his pleadings and does not hold them to the same standard as pleadings filed by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

On March 9, 2016, Defendants filed various Motions to Dismiss, Motions for a More Definite Statement, and a Motion to Strike in the Manatee County state court. (Doc. ## 3, 4). Thereafter, on March 21, 2016, Defendants removed the case to this Court based on the presentation of a federal question –

an alleged violation of the EMTALA. (Doc. # 1).

Local Rule 4.02(c), M.D. Fla., specifies that:

> When a case is removed to this Court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fourteen (14) days after the removal in accordance with Rule 3.01(a) of these rules, and the party or parties opposing the motion shall then comply with Rule 3.01(b) of these rules.

Id.

Here, the Motions are supported by legal memoranda and accordingly, it was not necessary for Defendants to provide further briefing after removal. Mr. Burns has not filed a response in opposition to the Motions within the time parameters of Local Rule 3.01(b), or at any time since. Pro se plaintiffs are bound by the applicable rules of procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The Court construes Mr. Burns' failure to respond to the Motions as an indication that he does not contest Defendants' contentions. The Court accordingly grants the Motions as unopposed and as outlined below. However, in an abundance of fairness to Mr. Burns, the Court will allow him to file an Amended Complaint on or before **May 12, 2016,** consistent with the following discussion.

4

III. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

IV.  **Discussion**

Defendants challenge the construed Complaint on procedural and substantive grounds. To begin, Defendants correctly remark that the Notice of Intent is not labeled as a "Complaint," it is not organized into numbered paragraphs, and it is not divided into counts. Furthermore, Mr. Burns has named nine Defendants, but has not included separate allegations as to each Defendant, making it unclear which allegations are attributed to the conduct of a corresponding Defendant or Defendants.

In addition, Mr. Burns names Judith Sasnausskas, Cheryl Pearson, Dr. Verab, and J. Hinman as Defendants, but has not included any allegations at all against these Defendants. Likewise, Mr. Burns includes Universal Health Services as a Defendant, but only links it to this action because Suncoast is "owned by" Universal Health Services. (Doc. # 2 at 3). However, as held by the United States Supreme Court, "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61-62 (1998)(internal citation omitted).

6

Defendants also point out that "the *individuals* named in the Notice of Intent" Altucholf, Harden, Hamilton, Sasnausskas, Pearson, Verab, and Hinman "are not subject to personal liability under Federal EMTALA." (Doc. # 4 at 3)(emphasis in original). Numerous cases explain that "[t]he plain text of the EMTALA explicitly limits a private right of action to the participating hospital." Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1256 (9th Cir. 1995); Bryant v. John D. Archbold Mem. Hosp., 6:05-cv-11, 2006 U.S. Dist. LEXIS 37824, at *6 (M.D. Ga. May 23, 2006)("the EMTALA creates a private right of action only against hospitals, not individual physicians."); Delaney v. Cade, 986 F.2d 387, 394 (10th Cir. 1993)("the plain language of the Act indicates individuals can bring civil actions only against participating hospitals.").

In addition, as raised by Defendants, Mr. Burns has not specified which section of EMTALA has allegedly been violated nor has he made allegations supporting each required element for a violation of the Act. See Holocomb v. Monahan, 30 F.3d 116 (11th Cir. 1994)("to succeed on a section 1395dd(b) claim, a plaintiff must present evidence that the patient had an emergency medical condition, the hospital knew of the condition, the patient was not stabilized before being transferred, and the hospital neither obtained the patient's

7

consent to transfer nor completed a certificate indicating the transfer would be beneficial to the patient and was appropriate.").

Defendants also question the propriety of Mr. Burns' attempt at service of process as well his inclusion of possibly irrelevant material in the Notice of Intent, such as details of his burglary conviction and incarceration from age 17 to age 28. (Doc. # 2 at 4).

Rather than dismissing or striking the Notice of Intent, the Court determines it is appropriate to require Mr. Burns to provide a more definite statement of his claims pursuant to Federal Rule of Civil Procedure 12(e), which states in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

In the instance that Mr. Burns intends to pursue this action against the Defendants, he is directed to file an Amended Complaint on or before **May 12, 2016**. That Amended Complaint must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Mr. Burns must comply with

8

Federal Rule of Civil Procedure 10(b), which requires a plaintiff to state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, with each claim founded on a separate transaction or occurrence, and organized into separate counts.

As stated by the Supreme Court, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face," and "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions." Twombly, 550 U.S. at 555. The Court requires Mr. Burns to address the deficiencies highlighted herein, and failure to do so in an Amended Complaint filed by **May 12, 2016**, will result in dismissal of the action without prejudice and case closure.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Universal Health Services' Motion to Dismiss Plaintiff's Notice of Intent and/or Motion for More Definite Statement (Doc. # 3) is **GRANTED** consistent with the foregoing.

(2) Defendants Suncoast Behavioral Center, Joseph Altucholf, Cynthia Harden, Brenda Hamilton, Judith Sasnausskas, and

J. Hinman's Motion to Dismiss and/or Motion for More Definite Statement and/or Motion to Strike (Doc. # 4) is **GRANTED** consistent with the foregoing.

(3) The Notice of Intent is dismissed without prejudice and with leave to Amend by **May 12, 2016.** Failure by Mr. Burns to file an Amended Complaint by **May 12, 2016**, will lead to an Order dismissing the case without prejudice without further notice as well as case closure.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

10