# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

## CASE NO.: 8:16-CV-00702-VMC-MAP

KEVIN LEE BURNS,

Plaintiff,

Vs.



UNIVERSAL HEALTH SERVICES INC.,

PSYCHIATRIC SOLUTIONS INC.,

PREMIER BEHAVIORAL SOLUTIONS OF FLORIDA INC.,

SUNCOAST BEHAVIORAL HEALTH CENTER,

THE FOLLOWING, BOTH PERSONALLY AND PROFESSIONALLY:

JOSEPH ALTUCHOLF,

CYNTHIA HARDEN,

BRANDY HAMILTON,

JUDITH SASNUSSKAS,

CHERYL PEARSON,

DR. BARTHOLOMEW T. VEREB M.D.,

J. HINMAN,

Defendants.

# **MOTION FOR REVIEW OF COMMUNITY ENDANGERMENT**

# **AND/OR PETITION INJUNCTION ORDER**

***COMES NOW* KEVIN LEE BURNS,** Pro-Se, non- attorney, who is 100% disabled due to a mental illness and who has less than a high school education. Mr. Burns files this motion in **GOOD FAITH.**

1) Exhibit (A) establishes that on 8/30/2015 S.B.H.C. alleges Mr. Burns "Has a plan of killing people".
2) Exhibit (B) establishes that on 9/4/2015 S.B.H.C attempted to acquire $7,550 dollars for Mr. Burns to get a vehicle.
3) Exhibit (c) establishes that on 9/6/2015 Mr. Burns requested to be discharged so he could kill himself due to staff being unfair to his needs.
4) Exhibit (D) establishes that on 9/9/2015 Mr. Burns received 10,027.03 for a vehicle.
5) Exhibit (E) establishes that on 9/9/2015 Mr. Burns refused to answer the S.B.H.C. "My Safety Crisis Plan" form, in regard to access to Prescription medications for use other than as prescribed, Weapons, Lethal weapons, and Other means of self-harm.
6) Exhibit (F) establishes the medications that Mr. Burns was taking while at S.B.H.C.:

    Zoloft - 100mg- once a day and on 9/9/2015 Mr. Burns declined to take it.
    Klonopin - 2mg- four times a day
    Amoxicillin – 500mg- three times a day
    Flexeril – 10mg- three times a day
    Norco – 10.325mg- three times a day
    Ativan – 2mg- once requested for agitation on 9/10/2015 at 5:10 pm moments before Mr. Burns was discharged with $10,027.03.

7) Exhibit (G) establishes in S.B.H.C. "Physician discharge note" that;

    "Behavior" on 9/10/2015 was "Appropriate" while "Agitated" which Mr. Burns was given medication for was right above "Appropriate" and was not checked.

    "Medication" on 9/10/2015 was marked not changed while it actually clearly was.

8) Exhibit (H) establishes the actual medications that Mr. Burns was discharged with;

Zoloft- 150mg – once a day.

Klonopin – 2mg- four times a day (for only three days)

9) Exhibit (I) establishes Mr. Burns' prescription history
10) Exhibit (J) establishes that on 9/11/2015 Mr. Burns gave $6,500.00 to M.B. customs for a car but Mr. Burns was acting so unstable the money was immediately given right back to his account.
11) Exhibit (K) establishes that on 9/12/2015 Mr. Burns became so unstable that he went back to S.B.H.C. And requested to be seen by their emergency mental health hospital department but was denied access.
12) Exhibit (L) establishes that on 9/12/2015 Mr. Burns went less than 250 yards away from S.B.H.C. to Wal-Mart, purchases a pack of razors blades and cut both of his wrists at the register before the cashier could return Mr. Burns' change. The cuts to Mr. Burns where so severe they required 20 plus staples.
13) Exhibit (M) will show a picture of Mr. Burns' cuts after the staples were removed early due to infection
14) Exhibit (N) establishes that on 11/10/2015 during an investigation of the defendant for violating the E.M.T.A.L.A. ACT OF 1986 by the Department of Health and Human Services the defendant established that two nurses threatened to walk off the job one time is why Mr. Burns was not admitted to S.B.H.C and the second time S.B.H.C denied Mr. Burns access to their facility was because S.B.H.C. said Mr. Burns was too violent for their facility so they had police order him off their property so as to endanger the community.
15) Exhibit (O) establishes that U.H.S. also owns and operates Manatee Memorial Hospital and Lakewood Ranch Hospital which are less than 15 miles away from S.B.H.C.
16) Exhibit (P) establishes that S.B.H.C. is licensed by the Florida Agency For Health Care Administration and accredited by the Joint Commission

ADDITIONAL EVIDENCE AND/OR EVIDENCE;

17) Exhibit (Q) establishes that Mr. Burns was admitted to S.B.H.C. on 8/05/2015 and while at the facility Mr. Burns followed all the units' rules, was pleasant and cooperative. On 8/13/2015 Mr. Burns was discharged to a substance abuse program, while on narcotic medication.
18) Exhibit (R) establishes that on 10/18/2015 that Mr. Burns was once again being cooperative and non-violent while a M.S.O officer attempted to Baker Act Mr. Burns at S.B.H.C.

MR. BURNS

19) Exhibit (S) establishes that on 8/17/2015 was admitted back to S.B.H.C. because he did not like the substance abuse program he was sent to while on narcotic medication. Mr. Burns was once again placed back on narcotic medication, sent to another substance abuse facility while on narcotic medication.
20) Exhibit (T) establishes that as of 10/23/2015 not one employee neither personally nor professionally had filed anything with the court to establish Mr. Burns was a treat for violent or endangerment.
21) Exhibit (U) establishes that not one time during Mr. Burns' three prior visits to S.B.H.C. was there any documentation filed with the court to establish Mr. Burns as being violent or dangerous.
22) Exhibit (V) establishes picture of the substance abuse program Mr. Burns was sent to on 8/21/2015.

Based on the aforementioned **THE DEFENDANT HAVE AND CONTUNIUE TO ENDANGER THE COMMUNITY** unless injunction is entered into **ORDER**.

## *MR. BURNS' THEORY*

The defendant has grown legally and/ or illegally too fast and furious within the community thus directly endangering the community and/or the nation.

A) The Defendant believes that if a patient comes back to their facilities too many times it makes their company look bad. So they have an unspoken internal rule that citizens are only allowed service at their facilities two times and if citizens dare to come back to their facility for a third time they will use psychological medication to unbalance that patient so that the patient will leave and attempt or successfully kill themselves or someone else by taking the patient off high level of anti- depressant and deny them access to a public emergency mental health hospital. It should be noted that U.H.S. also own and operate Manatee Memorial Hospital and Lakewood Ranch Hospital which are less than 15 miles from S.B.H.C.

B) The Defendant is using **TERROR TACTICS TO ENDANGER THE COMMUNITY** with violent actions by mentally ill people. The defendants are screening and using people who are without family, friend and support and who have had past attempts of suicide. Then the defendant alters those patients mental state with medication so that the patient will act violent or deadly once released from treatment, thus

causing the public to panic and outcry for the need of more emergency mental health treatment facility in the community therefore causing the defendants business to grow. All the while the defendants take the proper steps to cover up their actions.

Wherefore based on the foregoing an injunction order should be entered against the defendants ordering the following;

STATE LEVEL INJUNCTION:

1) AHCA's : permanent revocation of S.B.H.C. license and/ or explanation of why permanent revocation should not take place and /or what steps AHCA is taking to punishes and prevent S.B.H.C.'s dangerous actions;
2) Defendant's suspension for one year from operating a behavioral health facility within the manatee county community.

FEDERAL LEVEL INJUNCTION:

3) Joint Commission's permanent removal of accreditation from S.B.H.C. and/or explanation of why permanent removal of accreditation should not take place and/or what steps Joint Commissions is taking to punish and prevent S.B.H.C.'s and/or defendant's dangerous actions;
4) C.M.S. permanent removal of the defendant from participating in the Medicare and Medicaid programs and/ or explanation of why permanent removal from participating in the Medicare and Medicaid program and/or what steps C.M.S. is taking to punish and prevent S.B.H.C.'s and/or defendant's dangerous actions;
5) Complete review of all operations of defendants by Department of Health and Human Services;
6) Defendant's suspension for one year from operating any behavioral health facility within the UNITED STATES OF AMERICA.

And/ or any other relief that this most honorable court so choose to enforce and/ or impose.

4/5/2016
Dated

Kevin Burns Pro-se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE MENTIONED MOTION WAS FURNISHED IN THE FOLLOWING MANNER;

THE FOREGOING WAS FAXED/MAILED TO:

THE LAW OFFICE OF JAY COHEN, P.A. Counsel for: UHS; SBHC.; JOSEPH ALTUCHOLF; CYNTHIA HARDEN; BRANDY HAMILTON; JUDITH SASNAUSKAS, and J. HIMAN. (A+) 100 S.E. 3rd Ave. Suite 1100, Fort Lauderdale, FL 33394
Phone: 954 449-8700 / FAX: 954-763-6093

— AND —

DEACON & MOULDS, P.A. Counsel for: DR. BARTHOLOMEW T. Vereb, MD (A+) 100 Second Ave South, Suite 902; St. Pete FL 33701

Clerk of Court (Both)

STATE (AND) FEDERAL

4/5/2016
DATED

KEVIN BURNS Pro-se