```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

KEVIN LEE BURNS,

        Plaintiff,

v.                              CASE NO.: 8:16-cv-702-T-33MAP

UNIVERSAL HEALTH SERVICES;
SUNCOAST BEHAVIORAL HEALTH CENTER;
JOSEPH ALTUCHOLF; CYNTHIA HARDEN;
BRANDY HAMILTON; JUDITH SASNAUSSKAS;
CHERYL PEARSON; DR. VERAB; and J.
HINMAN,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to pro se Plaintiff Kevin Burns' Motion for Review of Community Endangerment and/or Petition Injunction Order (Doc. # 13), which was filed on May 3, 2016. Defendant Suncoast Behavioral Health Center filed a Response in Opposition to the Motion (Doc. # 15) on May 16, 2016. For the reasons that follow, the Court denies the Motion.

**I.**    **Background**

Mr. Burns explains that he is "100% disabled due to schizophrenia and . . . has less than a high school education." (Doc. # 2 at 1). Mr. Burns states that he was discharged from Suncoast Behavioral Health Center on August 13, 2015, "after previously being Baker Acted there" and was

once again discharged from Suncoast on August 21, 2015, "for another Baker Act." (Id. at 2). On August 30, 2015, "Mr. Burns was Baker Acted for a third time that month" at Suncoast. (Id.). Mr. Burns indicates that "he was suicidal and homicidal with a plan to kill[] people." (Id.).

According to Mr. Burns, on September 12, 2015, he returned to Suncoast "in order to be Baker Acted again because he was feeling very unstable and suicidal from not having any medication." (Id. at 5-6). However, "[t]he CEO for [Suncoast] Brandy Hamilton and the Director Cynthia Harden refused Mr. Burns entry into the facility locked the doors and called 911." (Id. at 6). Thereafter, Mr. Burns walked to a Walmart store, "paid for a package of razor blades and before the cashier at Walmart could give him his change back, Mr. Burns had opened the razors and cut both of his wrists." (Id.).

On another occasion, on October 17, 2015, "Mr. Burns called 911 because he was feeling suicidal," but when Manatee County Sheriff's Officers took him to Suncoast, "facility administrator Joseph Altucholf informed police that the[] facility was not going to allow access to Mr. Burns for a second time." (Id. at 7).

## II. Procedural History

On February 18, 2016, Mr. Burns filed a "Notice of Intent

2

to Initiate Litigation" against the above captioned Defendants in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. (Doc. # 2).  In his Notice of Intent, which Defendants and the Court construe as a Complaint, Mr. Burns contends that Defendants violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA) and that Mr. Burns is entitled to $1.5 million in damages.  Because Mr. Burns is proceeding pro se, the Court liberally construes his pleadings and does not hold them to the same standard as pleadings filed by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

On March 9, 2016, Defendants filed various Motions to Dismiss, Motions for a More Definite Statement, and a Motion to Strike in the Manatee County state court. (Doc. ## 3, 4). Thereafter, on March 21, 2016, Defendants removed the case to this Court based on the presentation of a federal question – an alleged violation of the EMTALA. (Doc. # 1).

Local Rule 4.02(c), M.D. Fla., specifies that:

When a case is removed to this Court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fourteen (14) days after the removal in accordance with Rule 3.01(a) of these rules, and the party or parties opposing the motion shall then comply with Rule 3.01(b) of

3

these rules.

<u>Id.</u>

Here, the Motions were supported by legal memoranda and accordingly, it was not necessary for Defendants to provide further briefing after removal. Mr. Burns failed to respond to the Motions to Dismiss and requests for a More Definite Statement. On April 12, 2016, the Court granted the Motions as unopposed, but allowed Mr. Burns the opportunity to file an Amended Complaint, by May 12, 2016, in order to state a claim. (Doc. # 10). Thereafter, on May 3, 2016, Mr. Burns requested an extension of time, which the Court granted by allowing Mr. Burns until and including May 20, 2016, to file his Amended Complaint. (Doc. ## 11, 14).

In conjunction with the filing of the extension motion, Mr. Burns also filed the present Motion "for Review of Community Endangerment and/or Petition Injunction Order." (Doc. # 13). Suncoast has responded to the Motion and the Court will address the Motion below.

### III. **Discussion**

In his Motion "for Review of Community Endangerment" and Petition for "Injunction Order," Mr. Burns lists "the medications that [he] was taking while at [Suncoast]," and describes in greater detail his suicide attempt on September

4

12, 2015. (Doc. # 13 at 1-2). Mr. Burns also explains that he has been treated for substance abuse. (Id. at 4).

Thereafter, he recites his "theory" that "Defendant is using **TERROR TACTICS TO ENDANGER THE COMMUNITY** with violent actions by mentally ill people." (Id.)(emphasis in original). Mr. Burns further posits that:

> The defendants are screening and using people who are without family, friend, and support and who have had past attempts of suicide. Then the defendant alters those patients mental state with medication so that the patient will act violently or deadly once released from treatment, thus causing the public to panic and outcry for the need of more emergency mental health treatment facility in the community therefore causing the defendants business to grow. All the while the defendants take the proper steps to cover up their actions.

(Id. at 4-5).

Mr. Burns also postulates that "Defendant believes that if a patient comes back to their facility too many times it makes their company look bad" and as such, Suncoast has "an unspoken internal rule that citizens are only allowed service at their facilities two times and if citizens dare to come back to their facility for a third time they will use psychological medication to unbalance that patient so that the patient will leave and attempt or successfully kill themselves or someone else . . . ." (Id. at 4).

Mr. Burns argues that an injunction is needed to mitigate

5

these harms and requests an Order from this Court effectively shutting Suncoast's doors on a state and federal level. Mr. Burns specifically requests "permanent revocation" of Suncoast's license and "permanent removal of accreditation" "to punish and prevent [Suncoast's] dangerous actions." (Id. at 5). Mr. Burns also petitions for "permanent removal of the defendant from participating in the Medicare and Medicaid programs." (Id.).

As argued by Suncoast, Mr. Burns has not met his burden of establishing a right to injunctive relief. To warrant injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7 (2008).

Mr. Burns, as the party seeking injunctive relief, bears the heavy burden of establishing each element. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc). And, such an injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc., 887 F.2d 1535, 1537

(11th Cir. 1989). Here, Mr. Burns' submission completely fails to address, and accordingly, fails to establish, the existence of all required elements. To begin, the Court notes that Mr. Burns' Complaint has been dismissed with leave to amend, but that he has not yet provided the Court with an Amended Complaint showing any entitlement to relief. At this point, Mr. Burns has not supplied any information demonstrating that he is likely to prevail on the merits in this suit. Nor has Mr. Burns even included the blanket averment that he is likely to succeed on the merits of any of his claims or contentions.

In addition Mr. Burns has not described a specific irreparable injury that he seeks to address via injunctive relief. Mr. Burns also neglects to explain why the balance of the equities tips in his favor. In addition, while Mr. Burns has a "theory" that Suncoast's operations threaten the community (i.e. that Suncoast is "using terror tactics to endanger the community"), the Court is persuaded by Suncoast's measured response that "the closing of a psychiatric facility would adversely affect its inpatients and the community." (Doc. # 13 at 4; Doc. # 15 at 5). Mr. Burns' failure to carry his burden on each required element mandates the denial of his request for injunctive relief.

7

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Kevin Burns' Motion for Review of Community Endangerment and/or Petition Injunction Order (Doc. # 13) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of May, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE