```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

KEVIN LEE BURNS,

          Plaintiff,
v.                                   CASE NO.: 8:16-cv-702-T-33MAP

UNIVERSAL HEALTH SERVICES;
SUNCOAST BEHAVIORAL HEALTH CENTER;
JOSEPH ALTUCHOLF; CYNTHIA HARDEN;
BRANDY HAMILTON; JUDITH SASNAUSSKAS;
CHERYL PEARSON; DR. VERAB; and J.
HINMAN,

          Defendants.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. On February 18, 2016, Mr. Burns filed a "Notice of Intent to Initiate Litigation" against various corporate and individual Defendants in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. (Doc. # 2). In his Notice of Intent, which Defendants and the Court construe as a Complaint, Mr. Burns contends that Defendants violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA). Because Mr. Burns is proceeding pro se, the Court liberally construes his pleadings and does not hold them to the same standard as pleadings filed by an attorney. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

On March 9, 2016, Defendants filed various Motions to Dismiss, Motions for a More Definite Statement, and a Motion to Strike in the Manatee County state court. (Doc. ## 3, 4). Thereafter, on March 21, 2016, Defendants removed the case to this Court based on the presentation of a federal question. (Doc. # 1).

Mr. Burns did not file a response in opposition to the Motions. On April 12, 2016, the Court entered an Order identifying procedural and substantive deficiencies warranting dismissal of the Complaint, granting Defendants' Motions, and authorizing Mr. Burns to file an Amended Complaint by May 12, 2016. (Doc. # 10). The Court warned that "failure by Mr. Burns to file an Amended Complaint by May 12, 2016, will lead to an Order dismissing the case without prejudice without further notice as well as case closure." (Id. at 9). On May 3, 2016, Mr. Burns filed a Motion requesting an extension of time to respond to the Motions (notwithstanding the fact that the Motions had already been granted) and attached a psychiatrist's note explaining that Mr. Burns was hospitalized from March 8, 2016, through March 23, 2016, and therefore "unable to attend Court." (Doc. # 11).

In an abundance of fairness to Mr. Burns, the Court granted the request for an enlargement of time by extending

the deadline for the filing of the Amended Complaint from May 12, 2016, to and including May 20, 2016. (Doc. # 14). Despite being granted an extension, Mr. Burns has not filed an Amended Complaint and the deadline for him to do so has elapsed. Pro se plaintiffs are bound by the applicable rules of procedure and Orders of the Court. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The Court determines that it is appropriate to dismiss this action without prejudice and directs the Clerk to close the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  This case is **DISMISSED WITHOUT PREJUDICE.**

(2)  The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of May, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3